**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Miguel Juarez and Eduardo Catalan, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 18-cv-10949 |
| Plaintiffs, | **COMPLAINT** |
| – vs. – | |
| ABC Corp. d/b/a New University Deli, Bong Jun Choi, and John Does #1-10, | |
| Defendants. | |

Plaintiffs Miguel Juarez and Eduardo Catalan, by and through their undersigned attorneys, for their complaint against defendants ABC Corp. d/b/a New University Deli, Bong Jun Choi, and John Does #1-10, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

<u>**NATURE OF THE ACTION**</u>

1.    Plaintiffs Miguel Juarez and Eduardo Catalan allege on behalf of themselves and on behalf of other similarly

situated current and former employees of defendants ABC Corp. d/b/a New University Deli, Bong Jun Choi, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage under the New York Labor Law; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.    Plaintiff Miguel Juarez is an adult individual residing in Queens, New York.

2

4.   Plaintiff Eduardo Catalan is an adult individual residing in the Bronx, New York.

5.   Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.   Upon information and belief, defendant ABC Corp. d/b/a New University Deli ("New University Deli") is a New York corporation whose corporate name is unknown to plaintiffs, but which does business under the name New University Deli, with a principal place of business at 603 West 168th Street, New York, New York.

7.   At all relevant times, defendant New University Deli has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.   Upon information and belief, at all relevant times, defendant New University Deli has had gross revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times herein, defendant New University Deli has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.   Upon information and belief, at all relevant times, defendant New University Deli has constituted an "enterprise" as defined in the FLSA.

11.   Upon information and belief, defendant Bong Jun Choi is an owner or part owner and principal of New University Deli, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.   Defendant Bong Jun Choi was involved in the day-to-day operations of New University Deli and played an active role in managing the business.

13.   For example, defendant Choi hired plaintiffs and paid them; he also set their pay and their schedules.

14.   Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of New Unveristy Deli, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

15.   Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since November 14, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were back of the house employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt back of the house employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

20. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

21. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

22. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

23. At all relevant times herein, defendants owned and operated a deli in Manhattan.

24. Mr. Juarez has been employed at New University Deli since approximately March 2013.

25. Mr. Catalan has been employed at New University Deli since approximately May 2017.

26. Plaintiffs were employed as food preparers.

27. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

28. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of

goods for commerce, as defined in the FLSA and its implementing regulations.

29. Mr. Juarez has worked a regular schedule of six days per week throughout his employment, every day except Sunday. He has regularly worked 10½-hour days during the week, and 8 hours on Saturdays, for a total of roughly 60½ hours of work each week.

30. Mr. Catalan has also worked a regular schedule of six days per week throughout his employment, every day except Sunday. He has regularly worked at least 9½-hour days Mondays through Thursdays, 14-hour days on Fridays, and 3½ hours on Saturdays. As a result, he has regularly worked at least 55½ hours per week throughout his employment.

31. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

32. Plaintiffs were paid fixed weekly salaries by defendants.

33. Until approximately 2016, Mr. Juarez was paid $450 per week; commencing in 2016, he received a raise to $480 per week.

34. Mr. Catalan was paid at a rate of $550 per week throughout his employment.

35.  Plaintiffs received these amounts for all hours they worked, regardless of the exact number of hours they worked each week.

36.  As a result, plaintiffs' effective rates of pay were always below the statutory state minimum wages in effect at relevant times.

37.  Defendants' failure to pay plaintiffs an amount at least equal to the New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

38.  Plaintiffs were paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

39.  In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

40.  Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

41.  Mr. Juarez worked five shifts per week that lasted in excess of ten hours from start to finish, and Eduardo Catalan worked one such shift each week during his employment,

yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

42. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

43. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

44. Defendants' policy of paying plaintiffs on a weekly basis rather than on an hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

45. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' deli that required little skill, no capital

investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

46. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

47. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the New York Labor Law.

48. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

49. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

50. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

51.  Upon  information  and  belief,  while  defendants employed plaintiffs and the Collective Action members, and through  all  relevant  time  periods,  defendants  failed  to maintain  accurate  and  sufficient  time  records  or  provide records to employees.

52.  Upon  information  and  belief,  while  defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to post or  keep  posted  notices  explaining  the  minimum  wage  and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

53.  Plaintiffs  repeat,  reallege,  and  incorporate  by reference the foregoing allegations as if set forth fully and again herein.

54.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.  Defendants willfully violated plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

56.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

58.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59.  At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

60.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

61.  As a result of defendants' willful failure to compensate their employees, including plaintiffs and the

Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

63. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT III**

### **(New York Labor Law - Overtime)**

64. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates at least

13

one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

67. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Spread of Hours)

69. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71. Defendants willfully violated plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten

14

hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

72. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law — Wage Theft Prevention Act)

74. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

77.    Defendants willfully violated plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

78.    Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day throughout their employment, up to the maximum statutory damages.

79.    Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: November 14, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an FLSA collective action*

# EXHIBIT A

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of University Deli and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de University Deli y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..


_Miguel Juarez_
Miguel Juarez


Date:  June 25, 2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of University Deli and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de University Deli y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Eduardo Catalan


Date:  June 25, 2018